## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

LORI CHAVEZ-DEREMER, Secretary
of Labor, United States Department of
Labor,

               Plaintiff,

v.

UNITED AUTOMOBILE,
AEROSPACE AND AGRICULTURAL
IMPLEMENT WORKERS OF
AMERICA LOCAL 140, a/k/a UAW
LOCAL 140, a/k/a LOCAL UAW 140,
d/b/a LOCAL UNION NO. 140 UAW
BUILDING CORPORATION,

               Defendant.

_____/

Case No. 24-cv-13140

Hon. Gershwin A. Drain

### CONSENT DECREE

THIS CAUSE comes before the Court on the Joint Stipulation of Settlement

and Agreement to Entry of Consent Decree ("Stipulation"), of the Plaintiff, Lori

Chavez-DeRemer, Secretary of Labor, U.S. Department of Labor ("Plaintiff"), and

Defendant United Automobile, Aerospace and Agricultural Implement Workers

of America, Local 140 ("Defendant" or "Local 140") (collectively, "the

Parties").   In the Stipulation, the Parties agree that their dispute concerning the

Defendant's May 14, 2024, union officer election can be resolved by entry of a

consent decree directing Plaintiff to supervise Defendant's next regularly

scheduled election. The Court hereby adopts the terms of the consent decree stipulated and agreed to by the parties, and

**IT IS HEREBY ADJUDGED, ORDERED AND AGREED:**

1.      Plaintiff brought this action under Title IV of the Labor-Management Reporting and Disclosure Act of 1959 (29 U.S.C. § 401, *et seq.*) (the "Act"), requesting a judgment declaring that Defendant's May 14, 2024, election of union officers for the offices of President, Trustee, and Executive Board Member At Large be declared void and requesting that a new election for those offices be conducted under the supervision of Plaintiff.

2.      Plaintiff alleged that violations of Title IV of the Act had occurred and had not been remedied at the time of the institution of this action.

3.      Defendant denies the violations alleged in this action.

4.      Plaintiff and Defendant agree that it is in the Parties' best interests to resolve this lawsuit on mutually agreeable terms without trial or further adjudication of any issues of fact or law raised in the Plaintiff's Complaint.

5.      The Parties agree to entry of an order directing that Defendant's next regularly-scheduled election of officers, including nominations and any run-off election required by Defendant's Bylaws, be conducted under the supervision of the Secretary, to be concluded on or before August 31, 2026.

6. The supervised election shall be for all of Defendant's officer positions within the meaning of section 3(n) of the Act, 29 U.S.C. § 402(n), including: President, Vice-President, Recording Secretary, Financial Secretary-Treasurer, three Trustees, Sergeant-at-Arms, Guide, and six Executive Board Members At Large.[1]

7. The individuals elected to office in the supervised election shall be installed at Defendant's next regular meeting following the election and shall serve until the expiration of their terms of office, in accordance with Defendant's Bylaws and the United Automobile, Aerospace and Agricultural Implement Workers of America ("UAW") International Constitution.

8. The supervised election shall be conducted in accordance with Title IV of the Act and, insofar as lawful and practicable, in accordance with Defendant's Bylaws and the UAW International Constitution.

9. All decisions as to the interpretation or application of Title IV of the Act, Defendant's Bylaws, and the UAW International Constitution relating

---

[1] Plaintiff's regular elections also include positions that are not officer positions within the meaning of the Act. Plaintiff will coordinate the election activities for the non-covered positions consistent with supervised officer election activities to the extent possible for Defendant's efficiency and convenience, but Plaintiff will not certify those positions to the Court because those positions are outside of Plaintiff's jurisdiction.

to the supervised election are to be determined by the Secretary, and her decisions shall be final, subject to challenge in this Court.

10.   The Court shall retain jurisdiction of this action pending completion of the supervised election.   After completion of the supervised election and resolution of any disputes or challenges, Plaintiff shall certify to the Court the names of the persons elected to serve as officers.

11.   Upon approval of such certification, the Court shall enter a Judgment declaring that such persons have been elected as shown by such certification.

12.   Each party shall bear its own fees, costs, and other expenses incurred by such Party in connection with this proceeding up to and including the date of entry of the final judgment.

**ORDERED** this 27th day of May, 2025.

Dated:   May 27, 2025                          /s/ Gershwin A. Drain
                                               GERSHWIN A. DRAIN
                                               UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
May 27, 2025, by electronic and/or ordinary mail.
/s/ Marlena Williams
Case Manager

4